*377 KENNARD, J., Concurring and Dissenting.
Defendant was charged with murder (Pen. Code, § 187) and actively participating in a criminal street gang (Pen. Code, § 186.22, subd. (a) (the gang offense)). At trial, the court failed to give the jury the standard instruction on the prosecution’s burden of proving guilt “beyond a reasonable doubt.” The jury found defendant guilty of voluntary manslaughter (a lesser offense necessarily included in the charge of murder), and of the gang offense.
With regard to the voluntary manslaughter conviction, the majority concludes that the absence of a reasonable doubt instruction did not violate defendant’s right to due process under either the Fifth or the Fourteenth Amendment to the federal Constitution. The majority explains that other instructions pertaining to the murder charge made it clear that the jury had to apply the concept of reasonable doubt. I agree.
With respect to the conviction for the gang offense, the majority holds that the trial court’s failure to instruct the jury on reasonable doubt violated defendant’s federal due process rights because, unlike the murder charge, no other instructions told the jury to apply the standard of reasonable doubt to the gang offense. I agree. But I do not share the majority’s view that the error did not prejudice defendant.
In Chapman v. California (1967) 386 U.S. 18 [17 -L.Ed.2d 705, 87 S.Ct. 824], the United States Supreme Court held that any violation of a criminal defendant’s rights under the federal Constitution is harmless only if the prosecution can “prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.” (Id. at p. 24.) According to the majority here, that standard was satisfied. For the reasons given in Justice Liu’s concurring and dissenting opinion, however, I am not convinced beyond a reasonable doubt that the jury here applied the correct standard of proof in determining defendant’s guilt of the gang offense. Therefore, I would affirm the Court of Appeal’s judgment reversing defendant’s conviction for the gang offense.
As to whether failure to instruct on reasonable doubt can ever be harmless (see conc. & dis. opn. of Liu, J., post, at pp. 379, 392), I agree with the majority that such an error is harmless “[i]f it can be said beyond a reasonable doubt that the jury must have found the defendant’s guilt beyond a reasonable doubt.” (Maj. opn., ante, at p. 368.)